Tang v. Whitaker

BIA
A072 340 105

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand eighteen.

PRESENT:
>        JON O. NEWMAN,
>        DENNIS JACOBS,
>        PIERRE N. LEVAL,
>            *Circuit Judges.*

_____

FEI GUO TANG,
>        *Petitioner,*

v.                                          14-552
                                            NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Vlad Kuzmin, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Deputy Assistant Attorney General;

Kiley Kane, Senior Litigation Counsel; Lynda A. Do, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fei Guo Tang, a native and citizen of the People's Republic of China, seeks review of a January 24, 2014, decision of the BIA denying his motion to reopen as untimely. *In re Fei Guo Tang,* No. A072 340 105 (B.I.A. Jan. 24, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case. The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

Tang moved to reopen his deportation proceedings to present new evidence in support of his claimed fear of persecution in China based on the births of his U.S. citizen children in violation of China's population control program. It is undisputed that Tang's motion to reopen was untimely filed more than 15 years after his *in absentia* deportation

2

04122018-4

order became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

The time limitation does not apply if the motion is to reopen proceedings in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). For largely the same reasons set forth in *Jian Hui Shao*, we find no error in the agency's determination that Tang failed to demonstrate a material change in country conditions as needed to excuse the untimely filing of his motion. *See* 546 F.3d at 159-66, 169-73 (noting that since at least 1998 enforcement of family planning policy has been generally lax in Fujian Province with isolated reports of force being used).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

3

04122018-4